IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA P. ROGERS, | : |
| Plaintiff, | : |
| v. | :  CA 15-00253-KD-C |
| MERCHANTS BANK, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This matter came before this Court on July 14, 2015 upon Merchants Bank's ("Merchants") Motion to Dismiss the Complaint filed by Lisa P. Rogers ("Ms. Rogers"). Mr. Blake B. Goodsell, Esq. appeared before this Court on behalf of Merchants. Ms. Rogers failed to appear. After considering arguments made in Merchants' *Motion to Dismiss*, Ms. Rogers' *Opposition*, and Merchants' *Reply* thereto, and after taking oral arguments from Merchants, this Court recommends the following conclusions of law.

## FACTUAL BACKGROUND

1. Merchants first extended a mortgage loan to Rogers on December 31, 1997.

2. The loan was secured by a Mortgage on property located at 20400 Highway 69, Coffeeville, Alabama 36524 (the "Property").

3. The first loan was refinanced five more times with terms of three or five years.

4. The last loan of the series closed on **March 11, 2011**.

5. Since Merchants extended the original loan to Ms. Rogers, she has been the subject of bankruptcy proceedings four times with filing dates of January 18, 2000, November 27, 2000, February 6, 2004, and January 5, 2009.[1]

---

[1] Case Numbers  09-10028; 04-10677; 00-14766; 00-10167 (before the U.S. Bankruptcy Court for the Southern District of Alabama)

6.   In August 2014 the Property was struck by lightning, burned, and was a total loss.

7.   Insurance proceeds satisfied the Loan in full.

8.   Ms. Rogers filed this suit on May 13, 2015—over four years and two months after the most recent loan origination.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000) (internal quotes omitted).

## DISCUSSION

### 1. Failure to Prosecute

A district court is authorized to dismiss an action for failure to prosecute or to obey a court order or federal rule. FED. R. CIV. P. 41(b). A court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits. *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985); *citing Link v. Wabash R.R.*

*Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion. *Martin-Trigona v. Morris,* 627 F.2d 680, 682 (5th Cir. 1980).

This Court issued a June 10, 2015 Order setting briefing deadlines for Ms. Rogers' *Opposition* and Merchants' *Reply* thereto. The June 10th Order also set the pending motion for a hearing on July 14, 2015 at 2:00 p.m. Ms. Rogers received the Court's Order as evidenced by her timely-filed *Opposition* on June 25, 2015—the day before this Court's deadline. Despite Ms. Rogers' knowledge of the hearing date and time, she failed to appear. Ms. Rogers' failure to abide by this Court's Order demonstrates disregard for the time of this Court and for the time of Merchants. This Court is empowered to dismiss Ms. Rogers' Complaint for her lack of diligence in the prosecution of this suit, which she initiated. Her failure to prosecute, which is unexplained, appears to be an abandonment of her claims that have now been shown to be time-barred.

**2. Ms. Rogers' claims under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") are time-barred.**

Assuming that Ms. Rogers' claims meet minimum pleading standards, her origination-based claims are nonetheless facially time-barred as a matter of law. Specifically, each and every one of Ms. Rogers' claims relate to and entirely concern alleged failures to make disclosures at the March 11, 2011 loan closing, which occurred more than four years before Ms. Rogers filed suit on May 13, 2015.[2]

---

[2] To the extent that Ms. Rogers' allegations concern any earlier loan closings, those too would be time-barred.

More specifically, the *Complaint* is premised on allegations that Merchants failed to deliver disclosures at closing as required by the TILA. (Complaint, *passim*).[3] TILA claims are subject to a three-year statute of limitations. 15 U.S.C. § 1640(e). Thus, those causes of action became time-barred over one-year before this action was filed. Ms. Rogers' rescission demand under TILA is also untimely because according to the plain language of the governing statute, Ms. Rogers' 3-day right of rescission has a limitations period that ". . . expire(s) three years after the date of consumption of the transaction." 15 U.S.C. § 1635(f); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). Ms. Rogers presented no evidence in her *Complaint* or *Opposition* indicating that she provided a rescission demand within three years of the loan closing as required to maintain her cause of action for rescission. Consequently, this Court recommends dismissal of Ms. Rogers' origination-based TILA claims, with prejudice.

---

[3] Ms. Rogers' sixteen count Complaint references the following specific violations of TILA: Count I – (All of TILA); Count II – 15 U.S.C. § 1635 (providing a right a rescission three days after loan closing); Count III – 15 U.S.C. § 1638(a)(2)(B ) (requiring disclosure of a consumer's right to obtain a listing of the amount financed upon a written request), (a)(9) (requiring a statement that a security interest was taken in property), (a)(12) (requiring a statement that the consumer should refer to loan documents for details about nonpayment, default, acceleration, prepayment, etc.), Regulation Z, Part 226.17 (general disclosure requirements); Count IV – 12 C.F.R. § 226.17(a)(1) (prescribing general form of disclosures); Count V – 12 C.F.R. § 226 (generally); Count VI  - 12 C.F.R. § 226.18(c) (requiring itemization of amount financed, including the prepaid finance charge); Count VII 12 C.F.R § 226.18(p) (requiring reference to the document with information about nonpayment, default, acceleration, prepayment, etc. [implementing regulation for 15 U.S.C. § 1638(a)(12), which Ms. Rogers references in Count III]); Count VIII – (all of TILA and Regulation Z referenced); Count IX – 12 C.F.R. § 226.4 (governing disclosure of finance charges); Count X – 12 C.F.R. § 226.21 (governing treatment of credit balances); Count XI – 12 U.S.C. § 2610 (prohibiting fees for preparation of various closing disclosures [this is not consistent with the allegations of this paragraph pertaining to an alleged failure to disclose calculation of mortgage balance]); Count XII – 12 C.F.R. § 226.18(p) (same as cited in Count VII); Count XIV – (citing all of RESPA, but discussing disclosure of origination fees); Count XV  - 12 C.F.R. § 226.18 (same as cited in multiple other counts involving contents of disclosures generally; Count XVI – 12 C.F.R. § 226.4 (discussing disclosure of finance charges).  Ms. Rogers also references the following two violations of RESPA: Count VI – 12 U.S.C. § 2601 (statement of congressional intent behind RESPA); Count XIII – (citing all of RESPA, but discussing an alleged failure to properly disclose interest rates).

Ms. Rogers also asserted two causes of action under the Real Estate Settlement Procedures Act ("RESPA"). (Complaint, ¶¶ 30-32; 49-51). These claims are also barred by the statute of limitations. Specifically, RESPA claims are subject to a one-year limitations period, which begins to accrue on the date of the occurrence. 12 U.S.C. § 2614. Here, Ms. Rogers' RESPA claims pertaining to the loan closing that occurred on March 11, 2011 are now untimely and must be dismissed as a matter of law.

While Ms. Rogers did not raise the issue in her briefing, it stands to note that the doctrine of equitable tolling, also does not excuse the untimeliness of Ms. Rogers' *Complaint*. It is true that "[u]nless Congress states otherwise, equitable tolling should be read into every federal statute of limitations." *Ellis v. Gen. Motors Acceptance Corp.,* 160 F.3d 703, 706 (11th Cir.1998); *Young v. United States,* 535 U.S. 43, 49 (2002). Claims under TILA are subject to equitable tolling because it is a remedial statute designed to protect consumers against fraud and that it would be anomalous to reward defendants who disguise their fraud. *Boudin v. Residential Essentials, LLC*, 2007 WL 2023466 (S.D. Ala. July 10, 2007), *citing Ellis*, 160 F.3d at 707-08. The same is true of claims under RESPA because it too is remedial in nature. *See Hardy v. Regions Mortg., Inc.,* 449 F.3d 1357, 1359 (11th Cir. 2006); *Ellis,* 160 F.3d at 707. Where equitable tolling applies, plaintiffs may sue after the statutory period has expired if they have been prevented by inequitable circumstances from doing so previously. *See Williams v. Saxon Mortg., Servs. Inc.*, 2007 WL 2828752, (S.D. Ala. Sept, 27, 2007) *citing Ellis,* 160 F.3d at 706.  Importantly however, equitable tolling must be based upon fraudulent concealment lest the exception swallow the rule. As this Court has previously observed, if "the failure to make TILA disclosures also tolled the limitations period for pursuing TILA claims, then the statute of limitations would be rendered meaningless because those nondisclosures are the

very essence of a TILA violation in the first place." *Williams*, 2007 WL 2828752 * 4 (internal citations omitted).

Fraudulent concealment entails a heightened pleading standard that requires that a plaintiff prove "three necessary elements: (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *White v. PNC Fin. Services. Group, Inc*, 2014 WL 4063344 *3 (E.D. Pa. Aug., 18, 2014); *citing Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 509 (3d Cir.2006). Here, Ms. Rogers has not stated a claim for fraudulent concealment as required to maintain an equitable tolling claim. FED. R. CIV. P. 9(b); *see also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006). Even the most expansive reading of Ms. Rogers' allegations could only uncover an implicit argument that the limitations period should be tolled simply because Merchants allegedly failed to make the required disclosures under TILA and RESPA. Ms. Rogers merely alleges that the disclosures were not given—she does not contend that Merchants somehow obscured relevant information that prevented Ms. Rogers from discovering the existence of her TILA and RESPA causes of action. Absent some affirmative deception by Merchants, the mere nondisclosure does not, by itself, justify equitable tolling of the limitations period. *Id. citing McAnaney v. Astoria Fin. Corp.,* 2007 WL 2702348, *9 (E.D.N.Y. Sept. 12, 2007). As such, equitable tolling does not save Ms. Rogers untimely *Complaint*, and this Court recommends dismissal her claims as time-barred.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, the undersigned recommends entry of an order dismissing Ms. Rogers' Complaint, with prejudice, because she failed to

6

diligently prosecute the action and because Ms. Rogers' causes of action, which entirely sound under TILA and RESPA, are facially barred by the relevant statute of limitations.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 23rd day of July 2015.

                                          s/WILLIAM E. CASSADY
                                          **UNITED STATES MAGISTRATE JUDGE**